UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

| | |
|---|---|
| JAMISELLY U. PRYBYLSKI,<br><br>                Plaintiff,<br>v.<br><br>RESURGENT CAPITAL SERVICES<br>LIMITED PARTNERSHIP,<br>LVNV FUNDING LLC,<br><br>                Defendants. | **COMPLAINT**<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. This is an action for damages, brought by a consumer against debt collectors for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251 *et seq.*, and Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.*

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

## PARTIES

3. Plaintiff, Jamiselly Prybylski ("Prybylski"), is an adult, natural person residing in Ingham County, Michigan.

4. Prybylski is a "consumer" and "person" as the terms are defined and used in the FDCPA, and she is a "consumer," "debtor" and "person" as the terms are defined and used in the MCPA and MOC.

5. Defendant LVNV Funding LLC ("LVNV") is a Delaware limited liability company. The registered agent for Resurgent in Michigan is CSC – Lawyers Incorporating Service Company, 601 Abbot Road, East Lansing, Michigan 48823. LVNV is engaged in the business of purchasing and collecting defaulted and charged off consumer debts. LVNV uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. LVNV regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

6. LVNV is a "debt collector" as the term is defined and used in the FDCPA.

7. LVNV is a "collection agency" as the term is defined and used in the MOC.

8. LVNV is a "regulated person" as the term is defined and used in the MCPA.

9. Defendant, Resurgent Capital Limited Partnership ("Resurgent"), is a Delaware limited liability company, with its principal place of business at 55 Beattie Place, Greenville, South Carolina 29601. The registered agent for Resurgent in Michigan is CSC – Lawyers Incorporating Service Company, 601 Abbot Road, East Lansing, Michigan 48823. Resurgent is engaged in the business of purchasing and collecting defaulted and charged off consumer debts. Resurgent uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Resurgent regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Resurgent uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.

10. Resurgent is a "debt collector" as the term is defined and used in the FDCPA.

11. Resurgent is a "collection agency" as the term is defined and used in the MOC.

12. Resurgent is a "regulated person" as the term is defined and used in the MCPA.

13. At all relevant times, both LVNV and Resurgent were actively involved in the collection of debt.

## FACTS

14. In approximately 1997, Prybylski owned a Mervyn's charge card, which she used to purchase goods or services for personal, family or household purposes ("the debt"). Any resulting obligation of Prybylski to pay money was a "consumer debt" or "debt" as the term is defined and used in the FDCPA, MCPA and MOC.

15. On March 23, 1998, Prybylski filed for protection under Chapter 7 of the U.S. Bankruptcy Code in the Western District of Michigan, Southern Division, being assigned docket number 98-02556-jcs. (Exhibit A –Docket Report).

16. Included in the list of creditors was Mervyns, Retail National Bank. (Exhibit B – Matrix).

17. Prybylski received a discharge of her debts on July 14, 1998, as evidence by Exhibit A, Docket Number 8.

18. On September 9, 2013, Convergent Outsourcing, Inc. ("Convergent"), on behalf of LVNV, sent a collection letter (Exhibit C) to Prybylski, advancing a "settlement offer" on the debt. Principal was listed as $415.65, with interest accruing at 5.00%, for a Total Balance of $1,407.90.

19. Prybylski disputed the debt to Convergent and requested validation through her bankruptcy counsel.

20. On June 4, 2015, Resurgent, on behalf of LVNV, sent two letters to Prybylski, through her bankruptcy counsel.

21. The first indicated that Resurgent had initiated a review of the inquiry it had "recently received" and that it "manages the . . . account for LVNV . . . ." (Exhibit D)

22. The second enclosed an "Account Summary" providing verification of the debt, now in the amount of $1,435.96. (Exhibit E)

23. The Account Summary Report, dated "6/4/2015 9:15:22 AM," indicates the debt is owed on a Mervyns account and the last date of payment was 10/26/1997, prior to the filing of the Chapter 7 bankruptcy petition. (Exhibit F)

24. LVNV and Resurgent are not authorized to charge interest on the debt.

25. The debt was no longer owed, once the bankruptcy discharge was entered.

26. At all times hereto, LVNV was the alleged "Current Owner" of the debt.

27. At all times hereto, LVNV had control over Convergent and Resurgent in collection efforts.

28. At all times hereto, LVNV was aware that the debt was disputed.

29. LVNV and Resurgent did not maintain procedures reasonably adapted to avoid violating the FDCPA, MCPA and MOC.

30. If LVNV and Resurgent had maintained procedures reasonably adapted to avoid violating the FDCPA, MCPA and MOC, then LVNV and Resurgent failed to follow those procedures.

31. The acts and omissions of LVNV and its employees done in connection with efforts to collect the alleged debt from Prybylski were done intentionally and willfully.

32. LVNV and its employees intentionally and willfully violated the FDCPA, MCPA and MOC.

33. The acts and omissions of Resurgent and its employees done in connection with efforts to collect the alleged debt from Prybylski were done intentionally and willfully.

34. Resurgent and its employees intentionally and willfully violated the FDCPA, MCPA and MOC.

35. LVNV, to increase its business and profits, knowingly chose to use debt collection practices that violate the FDCPA and Michigan law, to the competitive disadvantage of those debt collectors who choose to abide by the law and refrain from using unlawful debt collection practices.

36. Resurgent, to increase its business and profits, knowingly chose to use debt collection practices that violate the FDCPA and Michigan law, to the competitive disadvantage of those debt collectors who choose to abide by the law and refrain from using unlawful debt collection practices.

37. LVNV, directly and indirectly, attempted to collect the alleged debt from Prybylski.

38. LVNV is a debt collector. LVNV hired Resurgent, another debt collector, to collect the debt from Prybylski. A debt collector that hires another debt collector to collect a debt is liable for the acts and omissions of the debt collector it hires to collect a debt.

39. LVNV is liable for the unlawful acts and omissions committed by Resurgent in connection with the efforts by Resurgent to collect the alleged debt from Prybylski.

40. As an actual and proximate result of the acts and omissions of LVNV and Resurgent and their employees, Plaintiff has suffered actual damages and injury, including but not limited to, monetary loss, emotional stress and suffering for which she should be compensated in an amount to be established by a jury and at trial.

## CAUSES OF ACTION

### COUNT I. FAIR DEBT COLLECTION PRACTICES ACT

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. LVNV and Resurgent's attempts to collect a discharged debt violated the FDCPA. Defendants' violation of the FDCPA include, but are not necessarily limited to, the following:

   a. LVNV and Resurgent violated 15 U.S.C. § 1692e(2) by making false representations of the character, amount or legal status of a debt; and

   b. LVNV and Resurgent violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from Plaintiff that was not owed.

Wherefore, Plaintiff seeks judgment against each Defendant for:

   a. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

   b. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

   d. Such further relief as the court deems just and proper.

## COUNT II. MICHIGAN COLLECTION PRACTICES ACT

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. LVNV and Resurgent's attempt to collect a discharged debt violated the MCPA. Defendants' violations of the MCPA include, but are not necessarily limited to, the following:

   a. LVNV and Resurgent violated M.C.L. § 445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

   b. LVNV and Resurgent violated M.C.L. § 445.252(f) by misrepresenting in a communication with a debtor the legal rights of a creditor or debtor; and

  c. LVNV and Resurgent violated M.C.L. § 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

Wherefore, Plaintiff seeks judgment against each Defendant for:

  e. Actual damages pursuant to M.C.L. § 445.257(2);

  f. Treble the actual damages pursuant to M.C.L. § 445.257(2);

  g. Statutory damages pursuant to M.C.L. § 445.257(2);

  h. Costs and reasonable attorney fees pursuant to M.C.L. § 445.257(2).

## COUNT III. MICHIGAN OCCUPATIONAL CODE

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. LVNV and Resurgent's attempt to collect a discharged debt violated the MOC. Defendants' violations of the MOC include, but are not necessarily limited to, the following:

  a. LVNV and Resurgent violated M.C.L. § 339.915(a) by communicating with a debtor in a misleading or deceptive manner;

  b. LVNV and Resurgent violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

  c. LVNV and Resurgent violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the legal rights of a creditor or debtor; and

  d. LVNV and Resurgent violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

Wherefore, Plaintiff seeks judgment against each Defendant for:

  i. Actual damages pursuant to M.C.L. § 339.916(2);

      j.      Treble the actual damages pursuant to M.C.L. § 339.916(2);

      k.      Statutory damages pursuant to M.C.L. § 339.916(2);

      l.      Costs and reasonable attorney fees pursuant to M.C.L. § 339.916(2).

## **DEMAND FOR TRIAL BY JURY**

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

Dated: June 2, 2016

/s/ Kristen L. Krol
Kristen L. Krol (P55103)
Law Office of Kristen L. Krol, P.L.C.
Attorney for Plaintiff
4710 W. Saginaw Highway, Suite C
Lansing, Michigan 48917-2654
517-321-6804 ♦ debtrlc@drlc.com

**CLOSED**

## U.S. Bankruptcy Court
## Western District of Michigan (Grand Rapids)
## Bankruptcy Petition #: 98-02556-jcs

*Assigned to:* Jo Ann C. Stevenson
Chapter 7
Voluntary
No asset

*Date filed:* 03/23/1998
*Date terminated:* 07/28/1998
*Date discharged:* 07/14/1998
*341 meeting:* 05/01/1998
*Deadline for objecting to discharge:* 06/30/1998 00:00

*Debtor*
**Gary L. Prybylski**
3961 Hunters Ridge #1
Lansing, MI 48911
EATON-MI
SSN / ITIN: xxx-xx-6782

represented by **Eric C. Baumstark**
Baumstark & Vincent, PLLC
1801 E. Saginaw St., Suite 1
Lansing, MI 48912
(517) 482-7395
Email: bankruptcy.bv@acd.net

*Debtor*
**Jamiselly U. Prybylski**
3961 Hunters Ridge #1
Lansing, MI 48911
EATON-MI
SSN / ITIN: xxx-xx-6651

represented by **Eric C. Baumstark**
(See above for address)

*Trustee*
**Michael W. Puerner**
Foster, Swift, Collins, & Smith
313 S. Washington Square
Lansing, MI 48933-2193
(517) 371-8123
Tax ID / EIN: puerner

| Filing Date | # | Docket Text |
| --- | --- | --- |
| 03/23/1998 | 1 | Voluntary Petition and matrix, all schedules and statements. (pin) (Entered: 03/25/1998) |
| 03/23/1998 | | Final Installment Fee Paid. Received $ 175.00 Receipt # 74525 (pin) (Entered: 03/25/1998) |
| 03/23/1998 | 2 | Asset Protection Report. (pin) (Entered: 03/25/1998) |
| 03/23/1998 | 3 | Order and Notice of Stay. Signed on date: 3/23/98. (pin) (Entered: 03/25/1998) |

| | | |
|---|---|---|
| 03/27/1998 | 4 | Notice of Commencement of Case, Meeting of Creditors and Fixing of Dates. First Meeting Scheduled For 9:00 5/1/98 At U.S. Bankruptcy Court, Lansing Last Day To Oppose Discharge: 6/30/98 (Entered: 03/27/1998) |
| 03/27/1998 | | Notice of first meeting served by Cordant upon all creditors and parties of interest appearing on the Court's matrix on: 03/29/98. Number of Notices: 11. (Entered: 03/31/1998) |
| 05/01/1998 | 6 | First Meeting Held and Examination of Debtor. (mak) (Entered: 05/12/1998) |
| 05/04/1998 | 5 | Reaffirmation Agreement Between Debtor And Chrysler Financial Corp. Collateral: 1992 Jeep Cherokee. Market Value: $10,355.00; Debt: $6,177.89 (mak) (Entered: 05/05/1998) |
| 05/21/1998 | 7 | Trustee's Report of No Assets. (mak) (Entered: 05/22/1998) |
| 07/14/1998 | 8 | Order Discharging Debtor Gary L. Prybylski, Debtor Jamiselly U. Prybylski Signed on date: 7/14/98 Served by Cordant upon all creditors and parties of interest appearing on the Court's matrix on: 07/16/98. Number of Notices: 11. (pin) (Entered: 07/14/1998) |
| 07/28/1998 | 9 | Order of Final Decree Closing Estate Signed on date: 7/28/98 (pin) (Entered: 07/28/1998) |
| 07/28/1998 | | Case Closed. (pin) (Entered: 07/28/1998) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 06/02/2016 11:01:28 | | | |
| **PACER Login:** | debtrlc1:2539708:0 | **Client Code:** | Prybylski |
| **Description:** | Docket Report | **Search Criteria:** | 98-02556-jcs Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0646-1<br>Case 98-02556-jcs<br>Western District of Michigan<br>Grand Rapids<br>Thu Jun  2 11:05:23 EDT 2016 | Western District of Michigan<br>One Division Ave., N.<br>Room 200<br>Grand Rapids, MI 49503-3132 | (p)CHRYSLER FINANCIAL<br>27777 INKSTER RD<br>FARMINGTON HILLS MI 48334-5326 |
| CITIBANK<br>20 BOX 600 1<br>THE LAKES NV 88901-6001 | FINGERHUT<br>PO BOX 1100<br>ST CLOUD MN 56396-1100 | JC PENNEY<br>BOX 533<br>DALLAS TX 75221-0533 |
| MERVYN S<br>RETAILERS NATIONAL BANK<br>P O BOX 1334<br>MINNEAPOLIS MN 55440-1334 | NBD FIRST CARD<br>PO BOX 2004<br>ELGIN IL 60121-2004 | UNITED CREDITORS<br>ALLIANCE<br>100 CAMPUS VIEW BLVD<br>STE 105<br>COLUMBUS OH 43235-6605 |
| Eric C. Baumstark<br>Baumstark & Vincent, PLLC<br>1801 E. Saginaw St., Suite 1<br>Lansing, MI 48912-2326 | Gary L. Prybylski<br>3961 Hunters Ridge #1<br>Lansing, MI 48911-1144 | Jamiselly U. Prybylski<br>3961 Hunters Ridge #1<br>Lansing, MI 48911-1144 |
| Michael W. Puerner<br>Foster, Swift, Collins, & Smith<br>313 S. Washington Square<br>Lansing, MI 48933-2195 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| CHRYSLER CREDIT CORP<br>2855 COOLIDGE RD STE<br>100<br>TROY MI 48084 | End of Label Matrix<br>Mailable recipients    12<br>Bypassed recipients     0<br>Total                  12 |



**Convergent**

ATERSO01
PO Box 1022
Wixom MI  48393-1022
CHANGE SERVICE REQUESTED

Convergent Outsourcing, Inc.
10750 Hammerly Blvd # 200
Houston, TX 77043
Mon-Fri 8AM-5PM
800-764-6702

S335     128667832

Jamiselly U Pryblski
626 S Dibble Ave
Lansing MI 48917-4292

Date:  09/06/2013
Creditor: LVNV Funding LLC
Client Account #: 472781754
Convergent Account #: S-12194920
Original Creditor: GE Money Bank
Settlement In Full: $ 492.77

| | |
|---|---|
| Principal: | $ 415.65 |
| Interest: | $ 992.25 |
| Total Balance: | $1,407.90 |
| Interest Rate: | 5.00% |

## Settlement Offer

Dear Jamiselly U Pryblski:

This notice is being sent to you by a collection agency.  The records of LVNV Funding LLC show that your account has a past due balance of $1,407.90.

Our client has advised us that they are willing to settle your account for 35% of your total balance due to settle your past balance.  The full settlement must be received in our office by an agreed upon date.  If you are interested in taking advantage of this offer, call our office within 35 days of this letter.  Your settlement amount would be $ 492.77 to clear this account in full.  Even if you are unable to take advantage of this offer, please contact our office to see what terms can be worked out on your account.  We are not required to make this offer to you in the future.

The law limits how long you can be sued on a debt.  Because of the age of your debt, LVNV Funding LLC will not sue you for it, and LVNV Funding LLC will not report it to any credit reporting agency.

Sincerely,

Convergent Outsourcing, Inc.

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

NOTICE:  PLEASE SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION.

---

### 3 CONVENIENT WAYS TO PAY:

Pay Online: Email our office or pay your bill online with your credit/debit card or checking account at www.payconvergent.com.  Your temporary identification number is: 13.12194920.558

Pay by Phone:  Please call Convergent Outsourcing, Inc. at 800-764-6702. We offer check by phone, Western Union, and credit/debit card.

Pay by Mail:  Send Payments to Convergent Outsourcing, Inc., PO Box 9004, Renton  WA 98057-9004

PLEASE DETACH THE BOTTOM PORTION WITH YOUR PAYMENT.  BEFORE MAILING, PLEASE ENSURE RETURN ADDRESS ON REVERSE SIDE APPEARS CORRECTLY THROUGH THE WINDOW OF THE REPLY ENVELOPE.

749ATERSO01S335D

---

Re: Jamiselly U Pryblski
Please respond by October 11, 2013

Date: 09/06/2013
Creditor: LVNV Funding LLC
Client Account #: 472781754
Convergent Account #: S-12194920
Settlement In Full: $ 492.77
Total Balance: $1,407.90

✓ **Select Your Plan:**

☐ **OPPORTUNITY #1 - Lump Sum Settlement Offer of 35%:**
Enclosed is my payment of $ 492.77 (a 65% discount). My account is now satisfied in full.

☐ **OPPORTUNITY #2 - Settlement Offer of 50% & Pay Over 3 Months:**
Enclosed is my first payment of $234.65 towards the settlement balance of $703.95 (a 50% discount).

☐ **OPPORTUNITY #3 - Spread Your Payments Over 12 Months:**
Enclosed is my first payment of $117.33 towards the balance due of $1,407.90.

If we are calling you in error, please call 855-728-9701 or visit our website at www.convergentusa.com.

Amount Enclosed: US _____

**PLEASE COMPLETE IF PAYING BY CREDIT CARD.**

VISA ☐     MasterCard ☐

CARD NUMBER _____ EXP. DATE _____

CARDHOLDER NAME _____ AMOUNT $_____

CARDHOLDER SIGNATURE _____

"If Options 2 or 3 Have Been Selected, Please Enter Monthly
Payment Date and Amount: _____ $_____

84001219492000001407900004927 7



**PRIVACY NOTICE**

This Privacy Notice is being provided on behalf of each of the following related companies (collectively, the "Sherman Companies"). It describes the general policy of the Sherman Companies regarding the personal information of customers and former customers.

Resurgent Capital Services L.P.
Sherman Acquisition L.L.C.
Resurgent Capital Services PR LLC

LVNV Funding, LLC
PYOD LLC
Anson Street LLC

Ashley Funding Services LLC
SFG REO, LLC

**Information We May Collect.** The Sherman Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information.** At the Sherman Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform certain services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

**Sharing Collected Information with Affiliates** From time to time, the Sherman Companies may share collected information about customers and former customers with each other in connection with administering and collecting accounts to the extent permitted under the Fair Debt Collection Practices Act or applicable state law.

**Sharing Collected Information with Third Parties** The Sherman Companies do not share collected information about customers or former customers with third parties, except as permitted in connection with administering and collecting accounts under the Fair Debt Collections Practices Act and applicable state law.



128667832

Stevens Pointe  
55 Beattie Place  
Greenville, SC 29601

472781754

**RESURGENT**  
*Capital Services*

Toll Free Phone: 1-866-464-1187  
Toll Free Fax: 1-866-467-0960

http://www.resurgent.com/

*Hours of Operation*  
8AM-7PM EST Monday - Thursday  
8AM-5PM EST Friday

June 4, 2015

Original Creditor: GE Money Bank  
Current Owner: LVNV Funding LLC  
Account Number: 85288316860910  
Balance: 1,435.96

INITIAL-CS-1    1 MB    *A-03-7FD-BM-03827-10

JAMISELLY U PRYBLSKI  
C/O KRISTEN L KROL DEBT RELIEF LEGAL  
4710 W SAGINAW HWY STE 7  
LANSING MI 48917-2654



JUN 12 REC'D

Dear Jamiselly U Pryblski:

Resurgent Capital Services L.P. manages the above referenced account for LVNV Funding LLC and has initiated a review of the inquiry we recently received.

Should you desire to pay on this account, please contact us at the toll free number as noted above.

If we can be of further assistance, please contact one of our Customer Service Representatives toll-free at 1-866-464-1187.

Sincerely,

Customer Service Department  
Resurgent Capital Services L.P.

### INFORMATION REGARDING YOUR LEGAL RIGHTS

Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, we will assume this debt is valid. If you notify us in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of us in writing, within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

SEE THE FOLLOWING PAGE FOR IMPORTANT CONSUMER INFORMATION.

RCCS

## PRIVACY NOTICE

This Privacy Notice is being provided on behalf of each of the following related companies (collectively, the "Sherman Companies"). It describes the general policy of the Sherman Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Resurgent Capital Services L.P. | LVNV Funding, LLC | Ashley Funding Services LLC |
| Sherman Acquisition L.L.C. | PYOD LLC | SFG REO, LLC |
| Resurgent Capital Services PR LLC | Anson Street LLC | |

**Information We May Collect.** The Sherman Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information.** At the Sherman Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform certain services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

**Sharing Collected Information with Affiliates** From time to time, the Sherman Companies may share collected information about customers and former customers with each other in connection with administering and collecting accounts to the extent permitted under the Fair Debt Collection Practices Act or applicable state law.

**Sharing Collected Information with Third Parties.** The Sherman Companies do not share collected information about customers or former customers with third parties, except as permitted in connection with administering and collecting accounts under the Fair Debt Collection Practices Act and applicable state law.

051913

Sender:
55 Beattie Place
Greenville, SC 29601

472781754

**RESURGENT**
*Capital Services*

Toll Free Phone: 1-866-464-1187
Toll Free Fax:   1-866-467-0960

http://www.resurgent.com/

*Hours of Operation*
8AM-7PM EST Monday - Thursday
8AM-5PM EST Friday

June 4, 2015

Original Creditor: GE Money Bank
Current Owner: LVNV Funding LLC
Account Number: 85288316860910
Balance: 1,435.96

VERACS-CS-1      1 MB    *A-03-7FD-BM-03828-10

JAMISELLY U PRYBLSKI
C/O KRISTEN L KROL DEBT RELIEF LEGAL
4710 W SAGINAW HWY STE 7
LANSING MI 48917-2654

JUN 12 REC'D

Dear Jamiselly U Pryblski:

This account has been placed with Resurgent Capital Services L.P.

Please find the enclosed Account Summary which provides verification of the debt.

If you have any further questions, please contact one of our Customer Service Representatives toll-free at 1-866-464-1187.

For your convenience, you may submit your payment online at **www.rcspay.com**.

You may also send your payment to the address listed below:

Resurgent Capital Services L.P.
PO Box 10466, MS 576
Greenville, SC 29603

Sincerely,

Customer Service Department
Resurgent Capital Services L.P.

Enclosure

---

**INFORMATION REGARDING YOUR LEGAL RIGHTS**

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

SEE THE FOLLOWING PAGE FOR IMPORTANT CONSUMER INFORMATION.

## PRIVACY NOTICE

This Privacy Notice is being provided on behalf of each of the following related companies (collectively, the "Sherman Companies"). It describes the general policy of the Sherman Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Resurgent Capital Services L.P. | LVNV Funding, LLC | Ashley Funding Services LLC |
| Sherman Acquisition L.L.C. | PYOD LLC | SFG REO, LLC |
| Resurgent Capital Services PR LLC | Anson Street LLC | |

**Information We May Collect.** The Sherman Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information.** At the Sherman Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform certain services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

**Sharing Collected Information with Affiliates** From time to time, the Sherman Companies may share collected information about customers and former customers with each other in connection with administering and collecting accounts to the extent permitted under the Fair Debt Collection Practices Act or applicable state law.

**Sharing Collected Information with Third Parties.** The Sherman Companies do not share collected information about customers or former customers with third parties, except as permitted in connection with administering and collecting accounts under the Fair Debt Collection Practices Act and applicable state law.

051913

SEE THE FOLLOWING PAGE FOR IMPORTANT CONSUMER INFORMATION.

RCCS

### ACCOUNT SUMMARY REPORT
6/4/2015 9:15:22 AM

*This account summary has been prepared by <u>Resurgent Capital Services</u> on behalf of LVNV Funding LLC. It is not a credit card or other account statement from the original creditor.*

| Borrower Information | | Current Account Information | |
|---|---|---|---|
| Name: | JAMISELLY PRYBLSKI | Owner | LVNV Funding LLC |
| Address: | 4710 W Saginaw Hwy Ste 7 | Resurgent Reference # | 472781754 |
| City: | Lansing | Original Creditor | GE Money Bank |
| State: | MI | Account Number | XXXXXXXXXX0910 |
| Zip Code: | 48917-2654 | Merchant | Mervyns |
| | | Date of Last Payment | 10/26/1997 |

#### Current Balance Summary

| | Owed | Collected | Balance |
|---|---|---|---|
| Principal | $415.65 | - | $415.65 |
| Interest | $1,020.31 | - | $1,020.31 |
| Total | $1,435.96 | - | $1,435.96 |

**** The current balance due on this account is:     $1,435.96     ****

*Because interest, payments, credits, and permissible charges can continue to cause the account balance to vary from day to day, authorized persons may contact us at 1-888-665-0374 to obtain up-to-date balance information.*

#### Historical Account Information

| | |
|---|---|
| The original creditor for this account was: | GE Money Bank |
| The origination date with original creditor was: | 11/18/1995 |
| The account charge-off date was: | 05/28/1998 |
| The account was acquired on or about: | 09/23/2011 |
| The account was acquired from: | Arrow Financial Services, LLC |
| The account balance at time of acquisition was: | $1,366.37 |

*This communication is from a debt collector and this is an attempt to collect a debt. Any information obtained will be used for that purpose.*

Page 1 of 1